UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RIGOBERTO BENJAMIN ESCOBAR <br><br> Petitioner, <br><br> v. <br><br> KENNETH LIZOTTE, Superintendent of MCI-Norfolk,[1] <br><br> Respondent. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> *     Civil Action No. 1:24-cv-13127-IT |

MEMORANDUM & ORDER

July 3, 2025

TALWANI, D.J.

      Pending before the court is Petitioner Rigoberto Benjamin Escobar's Motion to Extend and Stay Filing Petition [Doc. No. 2]. Escobar seeks to stay his pending Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus [Doc. No. 1] until he exhausts his state court remedies as to firearm charges for which he is awaiting a new trial. For the reasons set forth below, Escobar's Motion is DENIED without prejudice to his raising claims related to the firearm charges in a subsequent petition.

**I.    Background**

      On March 31, 2015, Escobar was indicted in Middlesex County on six charges stemming from a fatal shooting: (1) murder in the first degree in violation of M.G.L. c. 265, § 1; (2) assault and battery with a dangerous weapon in violation of M.G.L. c. 265, § 15A(b); (3) carrying a

---

[1] Kenneth Lizotte is substituted as the Respondent as superintendent of the facility where Escobar is in custody. See Petition 1 [Doc. No. 1] (asserting that Defendant is confined at MCI-Norfolk); Rules Governing Section 2254 Cases in the United States District Courts R. 2 ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody.").

firearm without a license in violation of M.G.L. c. 269, § 10(a); (4) possession of a loaded firearm in violation of M.G.L. c. 269, § 10(n); (5) assault and battery in violation of M.G.L. c. 265, § 13A(a); and (6) discharging a firearm within 500 feet of a dwelling in violation of M.G.L. c. 269, § 12E. State Court R. 4–6, 713 [Doc. No. 12-1][2]; see also Commonwealth v. Escobar, 493 Mass. 694, 695, 229 N.E.3d 579 (2024). Shortly after Escobar's trial began on May 16, 2017, the Commonwealth dismissed the assault and battery counts, Counts 2 and 5, via nolle prosequi. Id. at 16.

On May 30, 2017, a jury convicted Escobar of first-degree murder (Count 1), carrying a firearm without a license (Count 3), possession of a loaded firearm (Count 4), and discharging a firearm within 500 feet of a dwelling (Count 6). Id. at 18–19. On Count 1, the first-degree murder conviction, the trial court sentenced Escobar to life imprisonment without the possibility of parole. Id. at 18; State Court Tr. 1456 [Doc. No. 12-2]. The court sentenced Escobar to four to five years imprisonment for Count 3, carrying a firearm without a license, to be served concurrently with the sentence for Count 1. State Court R. 18 [Doc. No. 12-1]; State Court Tr. 1456 [Doc. No. 12-2]. The court sentenced Escobar to two years and six months imprisonment for Count 4, possession of a loaded firearm, to be served consecutively with the sentence for Count 3. Id. The trial court did not impose a sentence for Count 6, instead placing that conviction "on file," which postponed sentencing on that count. Id. at 19; see Mass. R. Crim. P. 28(e) ("The court may file a case after a guilty verdict or finding without imposing a sentence if the defendant and the Commonwealth both consent.").

---

[2] The page references for the State Court Record [Doc. No. 12] and the State Court Transcript [Doc. No. 12-2] are to the page numbers generated by this court's electronic filing system.

Escobar appealed his conviction. State Court R. 19 [Doc. No. 12-1]. Before the Massachusetts Supreme Judicial Court ("SJC"), Escobar argued: (1) one of his statements should have been suppressed because the Commonwealth did not demonstrate that he was properly informed of and voluntarily waived his rights under Miranda v. Arizona, 384 U.S. 436 (1966), his right to a telephone call, and his right to prompt arraignment; (2) the trial court should have declared a mistrial because one of Escobar's statements was not properly redacted and witnesses improperly referred to immigration status in their testimony; (3) the trial court erred in refusing to instruct the jury as to voluntary manslaughter; (4) the trial court erred in refusing to instruct the jury as to involuntary manslaughter; (5) testimony describing fingerprint and ballistics evidence in absolute terms was erroneous and created a substantial likelihood of a miscarriage of justice and ineffective assistance of counsel occurred; (6) jury instructions erroneously omitted that the Commonwealth had to prove Escobar did not have a firearm license; and (7) the SJC should exercise its power under M.G.L. c. 278, § 33E to set aside the verdict or reduce the degree of guilt regarding the first-degree murder conviction. State Court R. 54–56 [Doc. No. 12-1].

The SJC affirmed Escobar's conviction for first-degree murder but vacated his convictions for possession of a firearm and possession of a loaded firearm on the ground that jury instructions omitted the requirement that the Commonwealth prove beyond a reasonable doubt that he lacked a firearm license. State Court R. 724 [Doc. No. 12-1]; Commonwealth v. Escobar, 493 Mass. 694, 716–17, 229 N.E.3d 579 (2024). The SJC remanded for new trial on those charges. State Court R. 724 [Doc. No. 12-1]; Escobar, 493 Mass. at 717.

On December 19, 2024, Escobar filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus [Doc. No. 1] asserting the following grounds for relief: (1) Escobar's statement

3

should have been suppressed; (2) the trial court should have declared a mistrial when Escobar's statement was not properly redacted; (3) the trial court erred in refusing to instruct the jury as to voluntary manslaughter; and (4) the trial court erred in refusing to instruct the jury as to involuntary manslaughter where there was evidence that Escobar shot wildly. Pet. 6–11 [Doc. No. 1].

Escobar also filed a <u>Motion to Extend and Stay Filing Petition</u> [Doc. No. 2] seeking to stay his petition until the State Superior Court assigned him counsel for his new trial on the firearm charges, which are related to federal claims he intends to raise in the petition after exhausting remedies in state court. Respondent has opposed the Motion. Opp'n [Doc. No. 13]. On April 25, 2025, Escobar filed a notice in this court stating that counsel had been appointed to represent him for his new trial and arguing that this requires the court to stay his pending petition. Notice [Doc. No. 15].

## II.     Standard of Review

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a person in custody pursuant to the judgment of a state court must have "exhausted the remedies available in the courts of the State" prior to filing a petition for a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)(1)(A).

Generally, courts presented with "mixed petitions"—i.e. petitions that contain both exhausted and unexhausted claims—must either dismiss the mixed petition without prejudice so that the petitioner can return to state court and exhaust the unexhausted claims or allow the petitioner to withdraw the unexhausted claims. See <u>Sena v. Kenneway</u>, 997 F.3d 378, 383–84 (1st Cir. 2021) (discussing <u>Rose v. Lundy</u>, 455 U.S. 509, 519–20 (1982)). In limited circumstances, a district court may "stay [a mixed] petition and hold it in abeyance while the

petitioner returns to state court to exhaust the previously unexhausted claims." Rhines v. Weber, 544 U.S. 269, 275 (2005).

### III. Discussion

Escobar argues that a stay is necessary because his pending firearm charges are related to his first-degree murder conviction, and staying his pending petition will save court resources while he exhausts his state court remedies as to the pending charges. Reply 1 [Doc. No. 14]. Respondent argues that a stay is unnecessary because the Petition is not a mixed petition. Opp'n 4 [Doc. No 13]. Respondent argues further that the limitations period to file a petition challenging any conviction on the firearm charges will not begin to run until after the conclusion of direct review of those convictions in state court, and a petition challenging that new judgment would not be considered a second or successive petition. Opp'n 5 [Doc. No 13]. Further, Respondent contends that the pendency of the firearm charges in state court is not good cause warranting a stay of Escobar's pending petition because it is uncertain whether Escobar will be convicted. Id. at 7.

The court finds that Escobar's Petition is not a mixed petition and that the stay and abeyance procedure is therefore unnecessary here. On direct appeal, Escobar prevailed on his claim that jury instructions improperly omitted a requirement that the Commonwealth prove that he lacked a firearm license. Escobar, 493 Mass. at 716–17. As a result, the SJC vacated Escobar's convictions on the firearm charges, and Escobar currently is not in custody pursuant to those charges. Instead, Escobar is in custody pursuant to the murder conviction and appropriately has only raised claims relating to that murder conviction. See 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.") (emphasis added).

Further, staying the pending Petition is not necessary to preserve Escobar's opportunity to raise claims related to a potential future conviction on the pending firearm charges. "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed," and new claims raised in a second or successive petition may proceed only in limited circumstances. See 28 U.S.C. § 2244(b)(1)–(2). But a "second or successive" petition is one that challenges the same state court judgment as the prior petition, Magwood v. Patterson, 561 U.S. 320, 331 (2010), rather than any petition that is filed second or successively in time, Panetti v. Quarterman, 551 U.S. 930, 944 (2007). Where there is a new judgment between two habeas petitions, an application challenging the new judgment is not "second or successive." Magwood, 561 U.S. at 341–42. Here, if Escobar is convicted on the firearm charges at his new trial, a petition challenging that conviction would necessarily allege new errors even if the state court repeats the same mistakes and would not be subject to limitations on "second or successive" petitions. See id. at 339.

Nor would the statute of limitations bar a petition raising claims related to a conviction on the firearm charges. Any future conviction and sentence on those charges would constitute a judgment separate from Escobar's conviction and sentence for first-degree murder. See Burton v. Stewart, 549 U.S. 147, 156 (2007) ("Final judgment in a criminal case means sentence. The sentence is the judgment.") (quoting Berman v. United States, 302 U.S. 211, 212 (1937). Accordingly, the limitations period for challenging a conviction on the pending firearm charges will not begin to run until that conviction becomes final at the conclusion of direct review (or the time to seek such review expires). 28 U.S.C. § 2244(d). Denying a stay at this stage thus does not limit Escobar's ability to file a petition for habeas corpus challenging a possible future conviction following his new trial.

Ultimately, the stay and abeyance procedure helps ensure that the statute of limitations does not deprive petitioners federal review of their unexhausted claims. See Rhines, 544 U.S. at 275. Where the period to challenge a future conviction on the pending firearm charges will not begin to run unless and until after Escobar is convicted, Escobar's interest in obtaining a stay is minimal. See Lessieur v. Ryan, 2016 WL 3561877, at *2 (D. Mass. June 27, 2016) (concluding petitioner's interest in stay was "less compelling than in the typical stay-and-abeyance case" where several months remained before one-year period expired). And a stay does not necessarily conserve judicial resources; if Escobar is not convicted on the firearm charges, he would not have claims to raise in a new petition for habeas corpus. Cf. Panetti, 551 U.S. at 946 ("Instructing prisoners to file premature claims, particularly when many of these claims will not be colorable even at a later date, does not conserve judicial resources . . . ."). Staying Escobar's pending petition is thus both unwarranted and unnecessary.

### IV.     Conclusion

For the foregoing reasons, Escobar's Motion to Extend and Stay Filing Petition [Doc. No. 2] is DENIED.

IT IS SO ORDERED.

July 3, 2025                                            /s/Indira Talwani
                                                        United States District Judge